UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
WESTERN DIVISION

_____

| | ) | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| 117 SPENCER, LLC | ) | Chapter   11 |
| | ) | Case No. 23-40590-EDK |
| Debtor | ) | |
| | ) | |
| | ) | |

_____)

## SUPPLEMENT OF COUNTRY BANK FOR SAVINGS TO OBJECTION AND RESERVATION OF RIGHTS TO JOINT PLAN OF REORGANIZATION OF 117 SPENCER, LLC AND 136 SPENCER, LLC

COUNTRY BANK FOR SAVINGS (the "Bank"), the holder of a valid, enforceable and duly perfected first mortgage on the property located at 117 Main Street, Spencer, MA (the "Property") granted to it by 117 Spencer, LLC (the "Debtor"), files this Supplement to its Objection and Reservation of Rights dated March 28, 2024 (Dkt #134) concerning the Amended Joint Plan of Reorganization of 117 Spencer, LLC and 136 Spencer, LLC dated February 20, 2024 (the "Plan") (Dkt #109) based on the "Report of Plan Voting With Respect to Amended Plan of Reorganization" dated April 2, 2024 (the "Report") (Dkt. #147) and Notice of Proposed Order Confirming Amended Joint Plan of Reorganization dated April 2, 2024 (Dkt. #148).

## ARGUMENT:

### The Class 4 QS Vote Fails to Satisfy Section 1129(a)(10) of the Code.

The Class 4 QS vote in favor of the Plan fails to satisfy the requirements of Section 1129(a)(10) of the United States Bankruptcy Code (the "Code").[1]  The Debtor's reliance on In re

---

[1] The Bank reserved the issue of the Debtor's potential inability to satisfy section 1129(a)(10) of the Code in its original Objection to the Disclosure Statement dated January 2, 2024 (Dkt #81, paragraph 19) and again in its Objection and Reservation of Rights dated March 28, 2024 (Dkt #134).

Ruti-Sweetwater, Inc., 836 F.2d 1263 and In re Adelphia Communications Corp., 368 B.R. 140

(Bankr. S.D.N.Y. 2007) for the proposition that nonvoting impaired classes are deemed to accept

the Plan is misplaced.  Those cases apply only to the proposition that nonvoting impaired classes

are deemed to accept the Plan for purposes of section 1129(a)(**8**) of the Code but not for

purposes of section 1129(a)(**10**).  For purposes of section 1129(a)(10) of the Code these same

cases are clear that a debtor must obtain the affirmative vote of at least one class of creditors

whose claim is impaired.  In re Ruti-Sweetwater, Inc., 836 F.2d at 1267 ("actual acceptance of a

plan by at least one class of impaired claims is necessary for a bankruptcy court's confirmation

of a plan under §1129(a)(10)"); see also In re Akbari-Shahmirzadi, CIV14-0981 MV/KBM

(D.N.M. Nov. 26, 2014 ("The Tenth Circuit distinguished between §1129(a)(8) and §1129(a)(10)

with regard to the impact of nonvoting creditors").

The only impaired class of claims that voted to accept the Plan is the Class 4 QS Claim.

The Class 4 QS vote in favor of the Plan does not satisfy section 1129(a)(10) of the Code.  The

QS Ballot was not only filed late,[2] but more importantly, the QS Ballot does not satisfy

1129(a)(10) of the Code because the record demonstrates that QS exercised pervasive control

over the Debtor both before and during the case.  It is therefore a statutory insider within the

meaning of Section 101(31)(B)(iii) of the Code.  The Debtor's filings admit that QS brazenly

violated its contractual obligations with the Debtor and caused the filing of this Chapter 11 case

to occur by, among other things, improperly recording the deed to 117 Spencer in violation of the

parties' alleged escrow and refusing to reconvey the property the Debtor.  See Affidavit of Lisa

Venuto dated April 2, 2024 (Dkt #146) (the "Venuto Affidavit").  Almost 9 months after the

---

[2] The Bank concedes the Debtor's argument that creditors were on notice of the Plan Settlement Agreement
between the Debtor, QS and other QS-Related Parties and are not prejudiced by the late submission.  The Bank will
therefore not press the argument that the court should invalidate the ballot.

filing of this case, the Debtor still cannot explain how QS obtained the Deed to the 117 Main St.

property that a third party is alleged to have held in escrow. <u>Venuto</u> <u>Affidavit</u>, ¶9.

### <u>To the Extent The Plan is Held to Satisfy Section 1129(a)(10) of the Code, it Fails to Account for the Bank's Legal Fees</u>

To the extent the Court finds that the Plan satisfies section 1129(a)(10) of the Code,

paragraph 22 of the Venuto Affidavit fails to provide for the payment of the Bank's legal fees.

The Bank has disclosed its legal fees to the Debtor in writing through March 31, 2024.

Paragraph 22 of the Venuto Affidavit identifies those claims that she expects will be paid "…on

or shortly after the Effective Date…".  The Bank will file an application for allowance of fees

and expenses under Section 506(b) of the Code by the deadline set by the Court.  Under Section

4.3(c)(i) of the Plan (Dkt #109), the Bank's fees and expenses, to the extent allowed by the

Court, are payable within five business days of allowance of the claim.[3]

WHEREFORE, Country Bank For Savings requests the entry of an order denying

---

[3] The Bank had offered to defer payment of the majority of the Bank's legal fees but the Bank and the Debtor have not reached an agreement on the amount or timing of the payment of the Bank's legal fees.

033068/0125/4862-8676-4724.1

approval of the Plan and for such other and further relief as the Court deems just and proper.

COUNTRY BANK FOR SAVINGS

By Its Attorney,

*/s/ Mark W. Powers*
Mark W. Powers (BBO #555337)
BOWDITCH & DEWEY, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
Telephone:  508-926-3427
Facsimile:  508-929-3040
E-mail:  mpowers@bowditch.com

Dated: April 3, 2024

033068/0125/4862-8676-4724.1

<u>CERTIFICATE OF SERVICE</u>

I certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on April 3, 2024.


*/s/ Mark W. Powers*
Mark W. Powers

033068/0125/4862-8676-4724.1